## IN THE UNITED STATES DISTRICT COURT OF KANSAS

| | |
|---|---|
| RONALD ROWDEN ) | |
| 420 Hillside Dr. ) | |
| Thayer, KS 66776 ) | |
|     Plaintiff ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | |
| SPEARS MANUFACTURING COMPANY ) | |
| and SPEARS CANEY INC. ) | Designation of Trial: Wichita, Kansas |
|     Defendants ) | |
| ) | |

## **COMPLAINT FOR DAMAGES**

PLAINTIFF, Ronald Rowden, by and through undersigned counsel, files this Complaint against Spears Manufacturing Company and Spears Caney Inc.

## **NATURE OF ACTION**

This is an action brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment protected by the Americans with Disabilities Act as Amended and the Kansas Act Against Discrimination.

## **PARTIES**

1. Plaintiff is an adult resident of Neosho County, Kansas, at the address more fully set forth above.

2. Upon investigation and belief, Spears Manufacturing Company is a foreign corporation registered in the State of California and can be served through its agent, Darlene Fourrriel, 15853 Olden St., Sylmar, California, 91342.

1

3. Spears Caney Inc. is a corporation registered in Kansas and operates a business in Caney, Montgomery County, Kansas and can be served through its registered agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas, 66603.

Spears Caney Inc.'s 2019 Annual Report filed with the Kansas Secretary of State lists its principal office address as 15853 Olden Street, Sylmar, California, 91342, the corporate office location of Spears Manufacturing Company.

4. At all times relevant to the allegations set forth in this Complaint, Spears Manufacturing Company and Spears Caney Inc. operated a facility in Chaney, Kansas where Plaintiff was employed.

## JURISDICTION AND VENUE

5. Plaintiff's causes of action for discrimination and retaliation are based on The Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* and the Kansas Act Against Discrimination (KAADS), K.S.A. 44-1001 *et seq*.

6. This Court has jurisdiction over this action since the amount in controversy exceeds $75,000. Upon information and belief, Spears Manufacturing Company and Spears Caney Inc. transact business in Kansas and the incidents giving rise to Plaintiff's claims occurred in Kansas.  Alternatively, this Court has diversity jurisdiction over Spears Manufacturing Company.

7. Venue is proper in the Court pursuant to 28 U.S.C. § 1391.

8. This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a).

9. Plaintiff filed his charge of discrimination on or about June 29, 2018 with the Kansas Human Rights Commission. Once that investigation was concluded, the U.S. Equal

Employment Opportunity Commission issued a Notice of Right to Sue, mailed on August 25, 2020. (Attachment A). Plaintiff has filed suit within 90 days of receiving the Notice of Right to Sue.

## FACTS COMMON TO ALL COUNTS

10. Ronald Rowden is 63 years old.

11. Mr. Rowden was sprayed with a chemical in 1987 that caused severe damage to his vocal cords and he is unable to speak.  He communicates using ASL and writing notes.

12. At all times relevant to this Complaint, Spears Manufacturing Company and Spears Caney Inc. (Spears) was an employer subject to The Americans with Disabilities Act, as amended, and the Kansas Act Against Discrimination.

13. Spears was aware of Mr. Rowden's disability from the beginning of his employment in 2003.

14. Mr. Rowden is still employed with Spears.

15. Mr. Rowden began experiencing issues at work over the past several years, when managers and supervisors began making disparaging remarks about Mr. Rowden's disability, including calling him a "dumb fucking mute."  Mr. Rowden as well as other employees have heard these disparaging remarks.

16. Mr. Rowden has not received pay raises commensurate with other similarly situated employees.  In one annual review meeting, Mr. Rowden was told that he was not getting a raise because he has "communication problems."

17. Because of the way Mr. Rowden was being treated, he requested copies of all his annual evaluations.  Mr. Rowden was told that he needed a court order to get copies of his evaluations.  When Mr. Rowden contacted the HR department he was eventually given copies.

18. Except for the review that is dated December 11, 2017, Mr. Rowden's reviews were good with numerous positive comments. The review that stated Mr. Rowden had "communication problems" had been changed with that language removed after Mr. Rowden insisted on copies of his reviews.

19. Since requesting his annual reviews, the working environment for Mr. Rowden has gotten worse, including continued comments about his disability. In May 2018, Mr. Rowden was placed on three days of unpaid suspension because of a part he made that was not satisfactory. Mr. Rowden made the part on a machine that is old and malfunctions. The plant is aware of the problems with the old machine. A few days later a similar unsatisfactory part was made by another employee and the part had to be scrapped. That employee was not reprimanded or suspended.

20. On June 18, 2018, Mr. Rowden was unexpectedly moved to a different department and was being trained by a new employee who is also a trainee. On June 27, 2018, other employee told Mr. Rowden that he was being moved to a new department to "fail" so that he could be fired. Mr. Rowden was told by other employees that he was going to be fired on Monday, July 2, 2018.

21. Mr. Rowden filed a complaint with the Kansas Human Right Commission on June 29, 2018 and has not been terminated.

### Violations of the Americans with Disabilities Act as Amended (ADA)

**1.  Hostile work environment based on Mr. Rowden's disability**

22. Mr. Rowden incorporates by reference the allegations contained in the foregoing paragraphs 1-21 as though fully set forth herein.

23. Mr. Rowden was and is an individual with a disability within the meaning of the ADA at all times relevant to this complaint.

24. Mr. Rowden, without regard to the ameliorative effects of mitigating measures, was and is substantially limited in major life activities, including but not limited to, speaking and communication.

25. Mr. Rowden is a "qualified" individual with a disability and was able to perform the essential functions of his job with or without accommodations.

26. Under the ADA, it is unlawful for covered employers to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and *other conditions, and privileges of employment*." 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4. [emphasis added].

27. Mr. Rowden is working in a hostile environment because of his disability. Hostile work environment claims are actionable under the ADA. *See Lanman v. Johnson Cty.,* 393 F.3d 1151, 1154-56 (10th Cir. 2004). Because Title VII of the Civil Rights Act of 1964 and the ADA have parallel purposes and remedial structures, courts employ similar analyses when interpreting the two statutes. *Id.*

28. Spears permitted a work environment that included discriminatory intimidation, ridicule and insults that have altered Mr. Rowden's employment and created an abusive working environment. Spears, including direct supervisors and management, targeted Mr. Rowden because of his disability.

**2. Disparate treatment**

29. Under the ADA it is unlawful for an employer to treat an employee with a disability differently that an employee without a disability based on the employee's disability.

30. Spears violated the ADA's law regarding disparate treatment. Mr. Rowden was told that he would not get a raise because of his communication problems, specifically referring the Mr. Rowden's inability to speak.

**3.     Retaliation**

31. The ADA's retaliation provision states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter …"  42 U.S.C. § 12203(a).

32. Mr. Rowden requested copies of all his prior evaluations after he was given a very negative evaluation in December 2018 and told verbally and in writing that he would not be given a raise because of his communication problems. Mr. Rowden's purpose in obtaining the copies was to have evidence of all the prior positive evaluations and show that he was specifically being targeted because of his disability and not getting a raise because of "communication problems."

33. After numerous attempts to get his evaluations and being told he would need a court order to get his evaluations, Mr. Rowden was finally given copies of his evaluations dating back to March 2003.

34. After receiving the copies of his evaluations, Supervisor/Manager Jack Miller and Manager Casey Vaughn began singling out Mr. Rowden for defective parts and at one point placed him on three days of unpaid leave. Both Mr. Miller and Mr. Vaughn knew that the defective part was produced on an old machine that did not work properly. Other employees who produced defective parts were not suspended. Mr. Rowden had never been suspended or placed on any type of probation prior to requesting the evaluations.

35. As a result of Defendant Spears' unlawful actions, Plaintiff Rowden has been injured, including but not limited to, lost wages and benefits and emotional and distress and suffering.

36. Through the actions set forth in the foregoing paragraphs, Defendant Spears intentionally discriminated against Plaintiff Rowden, all in violation of the ADA.

37. As a result of the above mentioned discrimination, Plaintiff Rowden was damaged and is entitled to all remedies available to him as provided by the ADA.

38. Defendant Spears' conduct was willful, wanton or malicious, thereby entitling Plaintiff Rowden to punitive damages in an amount that will punish Defendant Spears and will deter Defendant Spears and others from like conduct.

WHEREFORE, Plaintiff Rowden requests that the Court grant him judgment against Defendant Spears and award Plaintiff Rowden lost wages and benefits, compensatory damages, punitive damages, attorney's fees and costs, including expert witness' fees, and such other and further relief as this Court deems just and proper.

## Violations of the Kansas Act Against Discrimination

39. Mr. Rowden incorporates by reference the allegations contained in the foregoing paragraphs 1-38 as though fully set forth herein.

37. Under the Kansas Act Against Discrimination (KAAD), K.S.A. 44-1001et seq. it is unlawful for covered employees to discriminate or retaliate against individuals in employment relations by reason of a disability.

38. Sparks was and is a covered employee under KAAD.  K.S.A.44-1002(b).

39. Mr. Rowden was and is an individual with a disability under KAAD.  K.S.A.44-1002(j).

40. K.S.A. 44-1009(a)(1) makes it unlawful for an employer, because of an employee's disability, to discriminate against such person in compensation or in terms, conditions or privileges of employment; to limit, segregate, separate, classify or make any distinction in regards to employees; or to follow any employment procedure or practice which, in fact, results in discrimination, segregation or separation without a valid business necessity. *See also* K.S.A. 44-1009(a)(8)(A).

41. Through the actions set forth in the foregoing paragraphs, Defendant Spears intentionally discriminated against Plaintiff Rowden, all in violation of the KAAD.

42. As a result of the above mentioned discrimination, Plaintiff was damaged and is entitled to all remedies available to her as provided by the KAAD.

43. Defendant Spears' conduct was willful, wanton or malicious, thereby entitling Plaintiff Rowden to punitive damages in an amount that will punish Defendant Spears and will deter Defendant Spears and others from like conduct.

WHEREFORE, Plaintiff Rowden requests that the Court grant him judgment against Defendant Spears and award Plaintiff Rowden lost wages and benefits, compensatory damages, punitive damages, attorney's fees and costs, including expert witness' fees, and such other and further relief as this Court deems just and proper.

BY: s/ R. Kip Elliot  
R. Kip Elliot, #17663  
Elizabeth A. Hueben, KS #21524  
Disability Rights Center of Kansas  
214 SW 6th Ave., Suite 100  
Topeka, Kansas 66603  
(785) 273-9661  
Fax: (785) 273-9414  
kip@drckansas.org  

Attorneys for Ronald Rowden

## REQUEST FOR JURY TRIAL

COMES NOW, Plaintiff Rowden by and through his counsel and requests a trial by jury.

           BY:   s/R. Kip Elliot
                  R. Kip Elliot #17663

                  ATTORNEY FOR PLAINTIFF